# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## Vincent *v.* Pelican Mutual Life Insurance Company, Appellant.

*Insurance—Life insurance—Ambiguous terms in policy—Death benefits.*

A policy of life insurance stated on its face that it entitled the insured, or the beneficiary to "one of the benefits or privileges mentioned hereon," subject to the terms and conditions on the back, and that those benefits and privileges include maximum death benefits of $100. The policy had in the upper right-hand corner of the front page within a scroll the words "Class M A 5 Grade C," and on the back page a list of "increasing benefits," designated as Grade C, and a provision, numbered five and called "Maximum death," which provided, among other things, that it was applicable if the policy was issued with medical examination, or if, after examination the assured had been classed as "Sub-standard," in which case the benefits were to increase yearly, and one-fifth of the maximum amount allowed on the front page was payable for each year the policy was in force. The insured died within one year from the date of the policy. *Held*, that the beneficiary after the death of the insured was entitled to recover the sum of $100 as death benefits, unless no medical examination was made, or the insured was classed as sub-standard.

If it had been the intention of the defendant company to covenant that the beneficiary should not become entitled to anything in case the assured died within one year and should not become

entitled to the $100 death benefits until the policy had been in force and premiums paid for the full period of five years, it ought to have used language in its policy which clearly indicated that intention.

Argued Oct. 15, 1917. Appeal, No. 247, Oct. T., 1917, by defendant, from order of C. P. No. 2, Philadelphia Co., June T., 1916, No. 299, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Martha H. Vincent v. Pelican Mutual Life Insurance Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit upon a policy of life insurance.

Rule for judgment for want of a sufficient affidavit of defense.

WESSEL, J., filed the following opinion:

This is an action for the recovery of one hundred dollars death benefit, payable upon a policy of life insurance issued by defendant. The statement avers the issuance of the policy; the existence of an engagement of marriage between the assured and plaintiff (beneficiary in said policy); his death while the policy was in force; that due notice of that death had been given defendant and that it denied liability. In its affidavit of defense defendant admitted the death of the assured but claimed that it was not liable because "the primary object of the policy, as stated therein, was the payment of a weekly disability benefit of $6 per week, mortuary insurance being secondary and restricted to the sum of $20 for each complete year the policy is in force until the maximum sum of $100 is reached. The said policy was classified, as stated on the face thereof, "M A 5 Grade C." Plaintiff entered a rule for judgment for want of a sufficient affidavit of defense.

The copy of the policy, attached to the statement of claim, is upon the form used by defendant, and is 19 inches wide and about 16 inches long. The face of the

policy is in clear, large type, widely spaced, is easily legible and impresses the mind; the outstanding design of the Pelican protecting its young in their nest is rather pleasing to the eye, while its motto, "I live and die for those I love," causes the unsuspecting to glow with a warmth of feeling toward this "Mutual" Life Insurance Company, which is to assist in the protection of the assured and his beneficiary. The reverse side of this policy is not so pleasing. It has printed upon it, in comparatively small type, a large number of restrictions and limitations which must be considered in connection with certain keys to be found in various parts of the policy. Its general effect is to confuse the mind and to make the contract unintelligible except to persons who are thoroughly conversant with insurance matters or who have given special study to that instrument. On its face the policy provides that the assured or Martha H. Vincent, "the beneficiary under this policy,......will be entitled to one of the benefits or privileges mentioned hereon, subject to the terms and conditions on the back of this certificate, completed grade and classification," and on the same page, in bold type and figures, those "benefits" and "privileges" are shown to be maximum death benefits of $100, weekly disability $6, maximum periodical disability $1,440, special accidental death $1,000, surplus premium distribution $300, mortuary benefit extension $600, renewable term period 20 years, permanent total disability $1,000. Quite enough to lull the insured into the belief that by the payment of the premiums he was securing protection for himself and his dependents. Defendant's affidavit of defense is limited to an interpretation of the policy. It directs our attention to the words, letters and figure which appear within a scroll in the upper right hand corner upon the face of this policy, to wit, "Class M A 5 Grade C." It contends that by using that key it would appear that no liability exists. The Grade C probably refers to the "increasing benefits" adverted to in the second column on the reverse side of

the policy, but our attention has not been directed to, and the record fails to disclose to us, anything which defines the meaning of the letters "M A," as used therein. At the argument counsel urged that the figure 5 should be read in connection with that part of the printing on the reverse side of the policy, which is as follows: "MAXIMUM DEATH Increasing mortuary benefits will be paid for unavoidable death in any form according to classification, grade and cause. If policy is issued without medical examination, or with it, and classed as sub-standard in health, habits or occupation, the class numbers will be either five, ten, fifteen or twenty, as stated on front page, the benefits thereof to increase yearly according to term of membership, and one-fifth, one-tenth, one-fifteenth, or one-twentieth of the maximum amount allowed on front page to be paid for each complete year policy is in force; settlement to be made within sixty days from the date that satisfactory proofs of death—on the company's forms—are received, but no benefits will be paid for self-destruction, sane or insane, or for disappearance." This does not aid the defendant. The first sentence of that paragraph refers to "mortuary benefits." The sum payable as mortuary benefits appears upon the right side of the face of the policy under the heading "PRIVILEGES," therein stated as "mortuary benefits extension $600 option." That amount plaintiff is not seeking to recover. The next sentence, in the paragraph above quoted and which contains the class number 5, is only applicable "if policy is issued without medical examination," or if there had been a medical examination and the assured has been classed "as sub-standard in health, habits or occupation." In either of these instances the classification might have become applicable and thereupon the benefits might have increased "yearly according to the term of membership and one-fifth......of the maximum amount allowed on the front page" might have been payable for each completed year the policy had been in force. But the affidavit of defense

is silent as to whether a medical examination had been made or if made whether the assured had been classed as stated in that paragraph. If the defendant had intended to rely upon the clause above referred to and, by reason thereof, to urge a total or partial relief from liability, it should have pleaded sufficient facts to have enabled the court to draw such a conclusion. It has not done so and we cannot assume that those facts exist. An affidavit of defense must set forth the grounds of defense completely and explicitly. Nothing must be left to inference and what is not stated must be regarded as not existing: 1 Pepper & Lewis's Digest of Decisions, col. 52, C. R. A., and cases there cited. If the first sentence does not refer to the "mortuary benefit extension $600 option" but is to be read in connection with the rest of that paragraph and the "maximum death benefits $100," then particular attention must be given to the word "increasing" as used in that sentence and the word "increase" as used in the next sentence. It provides that "mortuary benefits" will be paid under the policy "for death in any form," but the amount payable is to be increased according to the classification, grade and cause. Increase from what? Certainly not from nothing but rather from the sum stated, to wit, $100, depending upon the age of the policy (and therefore the amount paid in premiums) and the assured's classification. The total amount under that clause could not exceed the sum of $600. In Yost v. Anchor Fire Insurance Co., 38 Pa. Superior Ct. 594-601 (1909), President Judge ORLADY said: "The object of a policy of insurance is to provide indemnity to the assured in case of loss, and the policy will be construed in doubtful cases so as to effect that object, rather than to defeat it. It must have a reasonable interpretation, such as was probably in the contemplation of the parties when it was made. No rule in the interpretation of a policy of insurance is more fully established or more imperative or controlling, than that which declares in all cases it must be liberally construed in favor of the insured, so

6  VINCENT v. PELICAN MUT. LIFE INS. CO., Appellant.

Assignment of Error—Opinion of the Court. [70 Pa. Superior Ct.

as not to defeat, without a plain necessity, his claim to indemnity which, in making the insurance, it was his object to secure.  When the words are, without violence, susceptible of two interpretations, that which will sustain his claim, and cover the loss, must in preference be adopted: Humphreys v. National Benefit Association, 139 Pa. 264, and cases therein cited." Frick v. United Firemen's Insurance Co., 218 Pa. 409-417 (1907).  This language is applicable to the case at bar.  One of the objects which the assured desired, and no doubt thought he had attained by the payment of the premiums and the acceptance of this policy, was the financial protection of his betrothed, the plaintiff in this case.  The policy upon its face appears to be one having a benefit payable in the event of death.  To follow defendant's contention would necessitate our reading into the record and into this policy a clause to the effect that it should not become operative as the basis of a claim in the event of death, unless it had been in force for at least one year from its date; then only in the sum of $20, that amount to be increased at the expiration of each year thereafter.  That would be a liberal construction in favor of defendant and would defeat one of the objects for which the assured paid his money, but would be directly contrary to the rules for the construction of these policies, as enunciated by Judge ORLADY.

For these reasons, we made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles Lehr,* for appellant.

*Earle Hepburn,* for appellee.

OPINION BY PORTER, J., July 10, 1918:

The plaintiff brings this action upon a policy of insurance upon the life of Jeremiah P. Cannon.  The court below entered judgment against the defendant for want

of a sufficient affidavit of defense, from which judgment the defendant appeals.    Little can with profit be added to the opinion of Judge WESSEL, of the court below, which will appear in the report of the case.    The contract stipulated upon its face that "the beneficiary under this policy and while it is in force will be entitled to one of the benefits or privileges mentioned hereon subject to the terms and conditions on the back of this certificate." The "benefits" and "privileges" are set forth under separate headings.    Among the "benefits" is "maximum death benefits $100.00" and among the "privileges" "mortuary benefit extension $600.00 option."    The plaintiff in her statement averred the right to recover the death benefits of $100.    The defendant contends that the plaintiff is not entitled to recover anything for the reason that the assured died within one year after the date of the policy, founding that contention upon one of the conditions printed on the back of the policy.    The condition referred to is ambiguous.    The heading of the paragraph is "maximum death," but the first sentence in the paragraph, which may properly be held to qualify the sentences which follow, provides that: "Increasing mortuary benefits will be paid for unavoidable death in any form according to classification, grade and cause."  This paragraph may, without doing violence to the language used, be construed to refer to the "mortuary benefit extension" privilege, under which the plaintiff might have become entitled to $600 if the policy had continued in force for a longer time prior to the death of the assured. If it had been the intention of the defendant company to covenant that the beneficiary should not become entitled to anything in case the assured died within one year and should not become entitled to the $100 death benefits until the policy had been in force and premiums paid for the full period of five years, it ought to have used language in its policy which clearly indicated that intention.

The judgment is affirmed.